UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| MARIBELLAX GROUP, LTD., | Case No. 10-40156 (CEC) |
| Debtor. | |

## JOINT PRE-TRIAL ORDER

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

The parties having conferred among themselves and with the Court pursuant to Fed. R. Bankr. P. 7016,

NOW, THEREFORE, the following statements, directions and agreements are adopted as the Pre-Trial Order herein:

1.      **Nature of the Case.**  Sovereign Bank ("Sovereign") and the United States Trustee are seeking entry of an Order, pursuant to 11 U.S.C. § 1112(b), converting this chapter 11 case of the within Debtor, MaribellaX Group, Ltd. (the "Debtor"), to a case under chapter 7 of the Bankruptcy Code.  This contested matter was brought before the Court upon Sovereign's motion to convert the case (the "Sovereign Motion to Convert") [Docket No. 71], to which the Debtor filed an objection [Docket No. 84], to which Sovereign filed a reply [Docket No. 85] and the United States Trustee's Motion to Convert Chapter 11 Case To Chapter 7 or Dismiss Case or, in the Alternative, To Appoint a Chapter 11 Trustee [Docket # 67], to which the Debtor filed an Objection [Docket # 83], (collectively, the "Motions to Convert").  On May 19, 2010, the Court heard oral argument on the Sovereign Motion to Convert, and scheduled an evidentiary hearing for June 1, 2010 at 9:30 a.m. to consider the issues raised in the Motions to Convert.

2.     **Jurisdiction - Venue.**  This Court has subject matter jurisdiction to consider and determine the issues raised in the Motions to Convert pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of the Motions to Convert is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

3.     **Amendments - Dismissals.**  None.

4.     **Relief Prayed.**  Through the Motions to Convert, Sovereign and the United States Trustee seek entry of an Order pursuant to 11 U.S.C. § 1112(b) converting the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code.

5.     **Undisputed Facts.**  See Attached "Statement of Undisputed Facts."

6.     **Sovereign's Contentions of Fact.**  Sovereign's factual contentions are detailed in Sovereign's Motion to Convert and the Reply of Sovereign Bank to Debtor's Objections to (I) Motion to Convert Case Pursuant To 11 U.S.C. § 1112(b) and (II) Amended Motion for Relief From the Automatic Stay to Obtain and Finalize State Court Judgment [Docket No. 85]. Sovereign incorporates herein the aforementioned factual contentions by reference.

7.     **Debtor's Contentions of Fact.**  Debtor's factual contentions are contained in the Debtor's Objections to Sovereign's Motion for Relief From the Stay [Docket No. 82]; Objection of Debtor to US Trustee Motion to Dismiss  [Docket No. 83]; and Objection of Debtor to Motion of Sovereign to Convert [Docket No. 84].   Debtor incorporates by reference herein the factual contentions asserted in the Objections noted above.

8.     **United States Trustee's Contentions of Fact.**  The Untied States Trustee's factual contentions are detailed in the United States Trustee's Motion to Convert.  The United States Trustee incorporates herein the aforementioned factual contentions by reference.

9. **Issues of Law.**

    a.    Whether Sovereign and/or the United States Trustee established that cause exists pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(A), (B), (D), (E) or (H), or that cause exists as a result of the Debtor having filed its bankruptcy petition in bad faith, to convert the Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code.

    b.    Whether the Debtor established under 11 U.S.C. § 1112(b)(2) that:

        (i)    unusual circumstances exist, such that conversion is not in the best interests of creditors and the estate;

        (ii)    there is a reasonable likelihood that a plan will be confirmed within the timeframes established in section 1121(e) and 1129(e) of the Bankruptcy Code, or if such sections do not apply, within a reasonable period of time; and

        (iii)    the grounds for granting such relief include an act or omission of the Debtor, other than under 11 U.S.C. § 1112(b))(4)(A), for which there exists a reasonable justification for the act or omission and that will be cured within a reasonable period of time fixed by the Court.

10. **Separate Trial Issues.**  None.

11. **Previous Substantive Motions.**  None

12. **Witnesses.**

    For Sovereign:
        (i)    Kevin Love
        Sovereign intends to interrogate the foregoing witness on the factual contentions referenced in paragraph 6 herein.

    For the United States Trustee: None

    For the Debtor:
        (i)    Kevin Love
        (ii)    Ricky Spike, CPA
        See attached for summary of expected testimony.

13. **Experts.**

    For Sovereign: None

For the United States Trustee: None

For the Debtor: None

**14.**      **Exhibits.** See attached. Parties are currently discussing whether they will stipulate as to the admissibility of any exhibits and will advise the Court prior to June 1, 2010 hearing as to same.

**15.**      **Requested Evidentiary Rulings.** Unknown.

**16.**      **Trial Counsel.**

For Sovereign: Joseph L. Schwartz, Esq., telephone number: (973) 538-0800

For the Debtor:      Daniel C. Marotta, Esq., tel (718) 390-0555
                      Richard M. Gabor, Esq. tel. (718) 390-0555

For the United States Trustee: William E. Curtin, Esq., (718) 422-4960

**17.**      **Estimated Trial Time.** One (1) day.

**18.**      **Trial Date.** June 1, 2010 at 9:30 a.m.

**19.**      **Miscellaneous.** None.

**20.**      **Modification of Order.** IT IS FURTHER ORDERED that the Court may in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon motion of the Court, modify this Pre-Trial Order upon such conditions as the Court may deem just and proper.

Dated: Brooklyn, New York
       _**June 1**_, 2010

                                     _**s/Carla E. Craig**_ _____
                                     CARLA E. CRAIG
                                     Chief United States Bankruptcy Judge

4044050.3