UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

Case No. 10-40156-CEC

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

MARIBELLAX GROUP, LTD.,

        Debtor.

- - - - - - - - - - - - - - - - - - - - - -x

        United States Bankruptcy Court

        271 Cadman Plaza East

        Brooklyn, New York

        June 23, 2010

        4:42 PM

B E F O R E:

HON. CARLA E. CRAIG

U.S. BANKRUPTCY JUDGE

 2  HEARING re Notice of Hearing on Disclosure Statement.

24  Transcribed by:  Pnina Eilberg

```
 1
 2   A P P E A R A N C E S :
 3   RIKER DANZIG SCHERER HYLAND PERRETTI LLP
 4        Attorneys for Sovereign Bank
 5        1 Headquarters Plaza
 6        One Speedwell Avenue
 7        Morristown, NJ 07962
 8
 9   BY:   KEVIN J. LARNER, ESQ.
10
11
12   UNITED STATES DEPARTMENT OF JUSTICE
13        Office of the United States Trustee
14        271 Cadman Plaza East
15        Suite 4529
16        Brooklyn, NY 11201
17
18   BY:   WILLIAM E. CURTIN, ESQ.
19
20
21
22
23
24
25
```

```
 1
 2   SILVERMAN ACAMPORA LLP
 3        100 Jericho Quadrangle
 4        Suite 300
 5        Jericho, NY 11753
 6
 7   BY:   RONALD J. FRIEDMAN, ESQ.
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    P R O C E E D I N G S

2            THE COURT: I'm going to hear MaribellaX.

3            THE CLERK: Appearances, please.

4            MR. LARNER: Good afternoon, Your Honor. Kevin

5    Larner, Riker Danzig Scherer Hyland Perretti on behalf of

6    Sovereign Bank.

7            MR. CURTIN: Good afternoon, Your Honor. William

8    Curtin for the United States Trustee.

9            MR. CURTIN: Good afternoon, Your Honor. Ronald

10   Friedman from Silverman Acampora. Counsel to Kenneth Silverman

11   (ph.) the Chapter 11 trustee.

12           THE COURT: I did not realize that this disclosure

13   statement hearing was going forward, given that there is now a

14   trustee in place.

15           MR. LARNER: Your Honor, that's not what we were here

16   for, so we didn't either.

17           At the close of the lengthy evidentiary hearing there

18   was some discussion about Sovereign's stay relief motion and

19   both Mr. Schwartz and I noted that today was the return date

20   for that.

21           THE COURT: Well, it didn't show up on the --

22           MR. LARNER: In any event, Your Honor, we've reached a

23   consensual arrangement with the trustee regarding our stay

24   relief motion.

25           THE COURT: What's the arrangement?

1  MR. LARNER:  The consensual arrangement is that the
2  trustee will consent to stay relief.  We are going to submit an
3  order whereby there's a, for lack of a better word, a protocol
4  set up whereby we will provide the trustee with an accounting
5  of our claim and prior to entry of any judgment the trustee
6  will have at least a two week period to review our accounting
7  and determine whether or not it agrees with our accounting.
8      As part of that protocol as well, as Your Honor may
9  recall, one of the issues, going back to the previous hearing
10 on this, was that the debtor was concerned that we were
11 attempting to use stay relief to obtain the judgment to either
12 obtain a new lien or perfect our lien in some way, because the
13 debtor claimed it's not properly perfected.  As part of the
14 order that we intend to submit.  It'll be very clear that the
15 purpose of this stay relief and the purpose of obtaining the
16 judgment is merely to liquidate our claim and not to either
17 obtain a new lien or perfect what may be a lien that someone
18 may challenge in the future.
19      THE COURT:  All right.  As long as you -- if the
20 trustee signs off on it you can submit it.
21      MR. LARNER:  Thank you, Your Honor.
22      MR. FRIEDMAN:  We hope, Your Honor, to be able to
23 submit that order within the next day or two.  The drafts have
24 been going back and forth today.
25      THE COURT:  Anything else you want to bring up?

1    MR. FRIEDMAN: If I can just give Your Honor a thirty-
2 second status of what the trustee's done since appointment.
3 The trustee has inspected the properties. The properties are
4 all currently insured. The trustee has a procedure in place to
5 collect the rents and we believe that we have collected all of
6 the rents for the month of June.
7    We're in the process of reconciling some of the
8 accounting and the funds that may be due, as well as analyzing
9 the documents received from Sovereign with respect to an
10 accounting of its claim at the initial states. And lastly but
11 potentially most significantly, we are receiving and analyzing
12 some preliminary valuations with respect to the properties and
13 once those come through and the trustee has the ability to
14 digest them it may be that we seek to sell some portion of
15 properties in the Chapter 11 context but obviously we wanted to
16 get our arms around the valuation issues first, before the
17 trustee brought anything on before the Court.
18    So it does seem to have -- the trustee's been getting
19 his arms around the various issues and has, obviously,
20 conferred with debtors' principal, counsel to Sovereign and the
21 other parties in interest.
22    THE COURT: Are you getting the cooperation you would
23 like?
24    MR. FRIEDMAN: I believe so far we are, Your Honor.
25    THE COURT: The reason that I appointed a Chapter 11

1  trustee instead of converting the case was because it seemed to
2  me that based upon the fact that at least some of the
3  properties had performing mortgages, that maybe there were
4  assets here that had enough value that a reorganization could
5  be something that could be considered.  And so I'd be
6  interested to know what the trustee's view of this --
7  preliminary view of this is.  I mean, are you thinking you're
8  just going to basically liquidate the assets in an 11?
9        MR. FRIEDMAN:  I think it's almost a little too early
10 for us to fully answer that because of the valuations that are
11 coming back in.  But I do note that the trustee, my client here
12 and obviously he's a panel trustee, has been involved in at
13 least three similar cases that I can recall within the last two
14 years that have very similar issues in which he was appointed
15 as a Chapter 11 trustee.  And in two out of three of those we
16 proceeded to file a plan of reorganization that restructured
17 some of the affairs.  In one of them there was a series of
18 properties, we sold one aspect of those properties to generate
19 some cash to be able to pay administrative expenses at an
20 effective date on confirmation and the balance of the debts
21 were restructured over a period of time in accordance with the
22 plan, which was, obviously, something that the principals of
23 the debtor in those two cases were very pleased with.
24       It is something that we're assessing.  I just don't
25 know if we can tell you today whether we think it's feasible at

1  this point in time.  We have to get the valuations further
2  under grips.
3         THE COURT:  Do I have to give you another date or is
4  there -- I guess -- is there some conference date?  We should
5  have a conference date.  Okay.  So 7/21, 8/4, what do you
6  think?
7         MR. FRIEDMAN:  No problem.  Either way, Your Honor.
8  Whatever the Court prefers.
9         THE COURT:  August 4th.
10        MR. FRIEDMAN:  And just for a status, Your Honor.
11        THE COURT:  Is there anything else that needs to be
12 heard?  I guess not, right?  That's it.
13        MR. FRIEDMAN:  Thank you, Your Honor.
14     (Proceedings concluded at 4:48 PM)

C E R T I F I C A T I O N

I, Pnina Eilberg, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

Pnina Eilberg (CET**D-488)

AAERT Certified Electronic Transcriber

Veritext

200 Old Country Road

Suite 580

Mineola, NY 11501

Date: July 6, 2010