UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
IN RE:

                            Chapter 11
                            Reorganization
MARIBELLAX GROUP, LTD.,     Case No.:  10-40156 (CEC)

              Debtor.
------------------------------X


**OBJECTIONS TO MOTION OF TRUSTEE TO SELL
39-41 VICTORY BOULEVARD, STATEN ISLAND, NEW YORK**


     KEVIN BARRY LOVE, an interested party (the "Objectant")
by MICHAEL T. SUCHER, ESQ., his attorney submit the following
objections to the Operating Trustee's Motion to sell 39-41
Victory Boulevard, Staten Island, New York.


<u>**BACKGROUND**</u>


     1.   On January 11, 2010 (the "Petition Date"), the
Debtor filed a voluntary petition for relief under chapter 11
of the Bankruptcy Code in the United States Bankruptcy Court
for the Eastern District of New York (the "Court"). By order
of the Court dated June 4, 2010, the Debtor was removed from
possession and management of its property, and the Court
directed that a chapter 11 trustee be appointed. By Notice of
Appointment dated June 8, 2010, Kenneth P. Silverman, Esq.
(the "Trustee") was appointed by the Office of the United
States Trustee to serve as the Chapter 11 Trustee of the
Debtor. By order dated June 10, 2010, the Court approved the
appointment of the Trustee.


     2.   By motion dated December 17, 2010 (Docket #120),
the Trustee sought, *inter alia*, permission to retain the
services of David R. Maltz & Co., Inc. ("Maltz"), to market

the real property known as 39-41 Victory Boulevard, Staten Island, New York ("39/41 Victory").

3.    By motion dated December 10, 2010 (Docket #121), the Trustee sought, *inter alia*, permission to expose the real property known as 39/41 Victory Boulevard, Staten Island, NY, to a public sale according to proposed bidding procedures.

4.    By Order entered December 20, 2010 (Docket #129), the Court ordered, that the relief sought with respect to 39/41 Victory by the Motion at Docket #121 "shall be considered at further hearings to be scheduled on notice", and "When the Trustee has decided to move forward with the sale of ... 39/41 Victory, the Trustee shall submit a scheduling order to the Court that will establish noticing procedures and proposed hearing dates concerning sale procedures and sale approvals on that relief in the Motion not granted by this Order.

5.    By Order entered April 28, 2011 (Docket #144), the Court approved the Trustee's appointment of Maltz as the Trustee's broker to market and sell certain real properties, including 39/41 Victory, and directed that:

> (i) Maltz will receive a commission, subject to application, equal to 5% of the gross selling price of the Real Properties, inclusive of expenses, payable from the proceeds of such sale;

> (ii) In the event a sale of 53 Montgomery and or 39/41 Victory is canceled by the

Trustee based on the Debtor receiving
directly or on its behalf sufficient funds
to resolve its issues with Sovereign Bank
("Cash Infusion"), Maltz will receive,
subject to application, reimbursement of
reasonable expenses;

6.   By Order entered May 12, 2011 (Docket #148), the
court Ordered that any and all relief concerning the
Trustee's proposed sale of 39/41 Victory shall remain subject
to further orders of the Court after hearings upon notice to
be determined by the Court. When the Trustee has decided to
move forward with the sale of 39/41 Victory, the Trustee
shall submit a scheduling order to the Court that will
establish noticing procedures and proposed hearing dates
concerning sale procedures and sale approvals on that relief
in the Motion not granted by this Order.

7.   Thereafter, and on June 15, 2011, Objectant filed a
plan and Disclosure Statement in this proceeding. (Docket #s
160 and 161).

8.   Subsequently, and on August 2, 2011, Objectant
filed a First Amended Plan (the "Plan") and a Disclosure
Statement for First Amended Plan (the "Disclosure Statement")
in this proceeding. (Docket #s 175 and 176).

9.   In brief, the Plan of Objectant provided that the
Debtor would retain ownership of 39/41 Victory, and thus
benefit from the positive cash flow that that property
generates.

10.    Additionally, by keeping that property, the Debtor and its interest holders would benefit from any potential upturn in the market over the next three years.

11.    The amended plan provides that Sovereign's lien of mortgage would be cured, by bringing that mortgagee current, as of the Effective Date, up to the date of the chapter 11 filing, and maintaining that creditor's position for three years by paying market interest.

12.    The plan also provides that after three years, the mortgagee can sell the property through a regular foreclosure sale, if they are not paid in full or reinstated to the position it would have had — had there never been a default.

13.    It is respectfully submitted that the Plan is fair and reasonable and is feasible and otherwise confirmable.

14.    The Disclosure Statement describes the manner in which the Plan would be funded, and is scheduled contemporaneously with the Trustee's motion, for a motion to consider its adequacy.

15.    One final point should be noted.

16.    Based on information obtained from the trustee, if the sale for $2.4 Million dollars were to go forward, there would be insufficient monies available to close this case and pay all administration creditors. Unsecured creditors would, of course, get nothing without the sale of all three properties encumbered by Northfield mortgages, which are all

current, have always been substantially current, and are all cross-collateralized.

17.  Based on our projections, even if all three other properties were liquidated, unsecured creditors would likely get nothing, anyway.

18.  Thus, other than benefitting Sovereign, which would get the lion's share of the proceeds of sale, no other party would benefit from a sale, whereas, every other party would benefit from its treatment under the plan as proposed, and Sovereign would be adequately protected, and in fact, over time, likely come out ahead.

19.  Finally, to allay the concern that this auction bidder of $2.4 Million dollars might be the highest and best possible bidder for the subject property, the Court should be aware that Sergey Guberman, the individual (disclosed in the disclosure statement) who is purchasing 25% of Objectant's interest in the debtor, subject to confirmation of the plan, is wiling, through the plan or otherwise, to be a back-up purchaser for the property for the same price - $2.4 Million dollars - in the event this current First Amended Plan is not confirmed.

20.  Thus, there is no prejudice to any party if this court denies the trustee's motion.

21.  For the foregoing reasons, it is respectfully submitted that the trustee's motion be denied.

WHEREFORE, it is respectfully requested that this court deny the trustee's motion for permission to sell 39-41 Victory Boulevard, Staten Island, New York, and for such other and further relief as to the Court may seem just and proper.

Dated: Brooklyn, New York
      August 2, 2011

*s/ Michael T. Sucher, Esq.*
MICHAEL T. SUCHER, ESQ.
Attorney for the Objectant
Kevin Barry Love
26 Court Street  Suite 2412
Brooklyn, New York 11242
(718) 522-1995